Quality Fruit Wines Corporation, Appellant, *v.* Rahal Cold Storage Company.

Argued October 3, 1949. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*Henry A. MacDonald*, with him *Gifford, Graham, MacDonald & Illig*, for appellant.

*S. Y. Rossiter*, for appellee.

OPINION BY MR. JUSTICE DREW, November 14, 1949:

This action in replevin was brought by plaintiff, Quality Fruit Wines Corporation, against defendant, Rahal Cold Storage Company, to recover possession of 524 barrels of elderberries.

In its answer, defendant-warehouseman claimed a lien upon the berries in the amount of $8,982, for accrued freezing and storage charges. Plaintiff filed a reply, averring that the rates charged by defendant are in excess of the maximum prices fixed by O. P. A. Regulations, and, when the charges are properly computed, there is nothing due to defendant. The issue was tried before a judge and jury, and a verdict in defendant's favor for the full amount of its claim resulted. The motion of plaintiff for a new trial was refused, and it then appealed to this Court, after judgment was entered on the verdict.

Sky Brothers Company deposited in defendant's plant in North East, 966 barrels of elderberries for the purpose of freezing and holding in storage. Warehouse receipts were issued and plaintiff, through purchase, became the owner of the berries. The rate agreed upon and appearing on the face of the warehouse receipts was $2 per barrel for the first month and $1 per barrel for the second and succeeding months during the time of storage. From time to time plaintiff made withdrawals and paid defendant at the agreed rate, until July, 1946, when the writ of replevin was issued. At that time there remained in storage 524 barrels. These defendant refused to surrender until paid the sum of $8,982, which was due under the agreement.

Defendant's plant was not in existence when the O. P. A. Regulations went into effect. Under such circumstances, the Regulations provided that the maximum charge shall be "the highest price charged during March 1942 by the 'most closely competitive seller of the same class.'" Defendant claimed that it had complied with the Regulations by using a rate slightly less than that of Greencastle Cold Storage Company. That company is located in a fruit belt in Westmoreland County, which is some 200 miles from defendant's plant in North East. On the other hand, it was contended by plaintiff that defendant should have borrowed the rate charged by either of the two plants situated in Erie, since those plants, whose rates were lower than that of the Greencastle Company, were but sixteen miles from that of defendant.

Plaintiff adduced testimony that either of the Erie plants was equipped to furnish ordinary cold storage and that their rates were considerably less than those charged by defendant. In support of its contention that the Greencastle Company was its closest competitor capable of furnishing the same class of service, defendant introduced testimony to show that its, defendant's, plant was a small compact one, equipped *only* for quick freezing; that in order to render such service, the freezing temperatures have to be at a much lower degree than ordinary cold storage; that this operation involves a more expensive plant construction; and that neither of the Erie plants was able to furnish this type of service. It also offered evidence to establish the fact that the Greencastle Company was defendant's closest competitor furnishing quick-freezing service. It was not denied by plaintiff that the rates are higher for furnishing quick-freeze storage. Furthermore, plaintiff did not contradict the testimony adduced on behalf of defendant that when the berries were placed in its plant for stor-

age, they were in bad condition and that some of them were fermenting, and therefore required quick freezing.

Plaintiff argues that the qualifications of the Erie plants, as shown by the evidence, were sufficient to constitute either as "the most closely competitive seller of the same class." [1] This contention is without merit for it overlooks the fact that there was ample testimony adduced by defendant that neither of these plants was capable of furnishing the same class of service as that rendered by defendant, and that the Greencastle Company was defendant's closest competitor furnishing quick-freezing service. The jury, by its verdict, resolved in defendant's favor this factual situation.

Equally without merit is plaintiff's contention that the court below erred in submitting the issues on the basis that there was one maximum price for determination. It is argued by plaintiff that there are two services involved, i. e., the freezing, and the storage, and even if it be conceded that the rate borrowed from the Greencastle Company for quick freezing were proper, such rate could only apply to the first month of service. Plaintiff contends that by the end of the first month the quick-freezing process was completed, and that thereafter the only service furnished by defendant was that of ordinary cold storage for which the charge should be that of the Erie plants. This argument might have some merit if defendant had a complete freezing and storage

---

[1] The Regulations define the "Most closely competitive seller of the same class" as "(1) performing the same function (for example, manufacturing, distribution, retailing, processing, storing, installing, or repairing), (2) of similar type (for example, department store, mail order house, chain store, specialty shop, cut-rate store), (3) dealing in the same type of commodities of service, and (4) selling to the same class of purchaser. A seller's 'most closely competitive seller of the same class' shall be a seller of the same class who (i) is selling the same or a similar commodity or service, and (ii) is closely competitive in the sale of such commodities or services, and (iii) is located nearest to the seller.

service to offer. However, it had but a quick-freezing unit, installed and operated at a higher cost than required for ordinary storage. The use of the quick-freezing rooms for these berries deprived defendant of the quick-freezing facilities in the space this merchandise occupied, and therefore, defendant was entitled to the rate borrowed from the Greencastle Company for the entire period.

We are satisfied that the parties contemplated the use of a warehouse adapted exclusively for quick-freezing service, and the verdict having established that the rate charged was borrowed from the nearest plant giving similar service in accordance with O. P. A. Regulations, the judgment must be affirmed.

Judgment affirmed.